[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the matter of Judith Martin versus Charles Martin. It involves a divorce but it also involves issue of a motion to modify support of a child, by the name of Jonathan, who was born prior to the marriage and who is not the child of the defendant Charles Martin. The issue is whether or not the defendant, who is not the biological father of the child, is responsible for the support of that minor child.
The plaintiff and defendant were married in New Britain, Connecticut, when the minor child was about two years old. On July 25, 1986, the defendant placed his name on Jonathan's birth certificate. Mrs. Martin claims that that was to be a way around going through a formal adoption. Mr. Martin claims it was merely to assist the child in dealing with people for the future. Mr. Martin treated the child as his own for most of the world but the parties' relatives and other close friends knew that Jonathan was not the child of Mr. Martin. In addition, while this action was pending Mrs. Martin did inform Jonathan that Charles Martin is not his father. At this point the minor child is about twelve years old.
In the original complaint that started this action it was alleged that the plaintiff and defendant have two minor children who are issue of this marriage and/or for whom the parties are legally responsible for as guardians, to wit. That is somewhat different language from the normal complaint. Obviously, it refers to Jonathan who is not the child of the marriage.
On April 20th of 1994, Judge Steinberg entered an order providing for support for both minor children, that is Jonathan plus Naomi Martin, who is acknowledged to be a child of the parties and born to both during their marriage. He entered this order without prejudice and invited the parties to address the Court's jurisdictional authority to order the defendant to provide child support for the minor child Jonathan Martin. This case is reasonably and clearly governed by the case of RemkiewiczCT Page 6912v. Remkiewicz, 180 Connecticut 114 (1980). That case clearly held under almost very similar circumstances that the non-biological father who has not adopted a child is not legally liable for the support of the minor child.
The thrust of much of the memorandum arguing for child support being continued is based upon an estoppel theory. There are, however, two essential ingredients to an estoppel: the party must do or say something which is intended or calculated to induce the other to believe in the existence of certain facts and to act upon that belief; and the other party influenced thereby must actually change her position or do something to her injury which she would otherwise not have done. Essentially, estoppel rests on the misleading conduct of one to the prejudice of another. The testimony of Mrs. Martin is quite clear. She did not act on the representation of Mr. Martin. In fact, her testimony is quite clear that she would have never notified the real father regardless of the actions of Mr. Martin. To this day, she does not wish to notify the real father of the minor child.
Unfortunately, the case law is quite clear and the loser of this original deception is probably the minor child.
The Court, therefore, will hold that Mr. Martin is not responsible legally for the support of the minor child. It's unfortunate that this issue was not resolved in April of 1994 rather than now.
The Court is inclined not to enter any order reversing the original decision of Judge Steinberg entered without prejudice because that order could have been appealed and this Court is not an appellate court. The Court has to make this decision now because in its opinion the original decision entered without prejudice and because it involves a jurisdictional issue.
Both parties have cited Remkiewicz v. Remkiewicz, but in addition thereto Favrow v. Vargas, II, also stands for the proposition that parties who are not legally obligated for support cannot be ordered to support.
Two issues still remain which I will invite counsel to address: one, what should be the effective date of the modification and, two, what is the guideline for the one minor child who is a product of the Martin's marriage. The Court will order that short briefs on these issues which are the only CT Page 6913 remaining issue, at this point be filed within ten days from date.
Barall, J.